Filed 9/30/20  P. v. Arias CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PAMELA AMABEL ARIAS,<br><br>    Defendant and Appellant. | B302274<br><br>(Los Angeles County<br>Super. Ct. No. MA069602) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On October 12, 2016, Arias pled no contest to first degree burglary. On November 2, 2016, the trial court suspended imposition of sentence and placed Arias on formal probation for five years. The court ordered her to perform 60 days of community labor at the rate of two days per week and to make restitution to the victim. On September 26, 2018, upon Arias's admission that she had violated probation, the court revoked and reinstated probation, directing her to participate in a 12-month drug treatment program with Project 180.

On October 2, 2019, the probation office advised the court that Arias had not complied with the conditions of probation: she had failed to provide proof of completion of Project 180; she had failed to provide proof of completion of 60 days of community service; she had not made any restitution payments. The court revoked her probation and set the case for a hearing.

On October 19, 2019, Arias admitted she had violated probation. The court terminated probation and sentenced her to two years in state prison, the low term for first degree burglary. The court imposed a $300 restitution fine; a $300 probation revocation fine; a $40 court operations assessment; a $30 conviction assessment; and a $300 parole fine, which the court stayed pending successful completion of parole. The court awarded 193 days of actual and conduct credit. Arias filed a timely notice of appeal.

We appointed counsel to represent Arias on appeal. After examining the record, counsel filed an opening brief raising no issues and asking this court to review the record independently as required by *People v. Wende*. Counsel also declared under penalty of perjury that he had advised his client in writing of the nature of the brief and of her right to file a supplemental brief on her own behalf.

On June 29, 2020, we advised Arias she had 30 days within which to personally submit any contentions or issues she wished us to consider. On August 7, 2020, the letter was returned to the court as undeliverable. On August 14, 2020, we sent appellant another letter dated August 14, 2020, advising her she had 30 days from August 14, 2020 to file a supplemental brief. We have received no supplemental brief from appellant.

We have examined the entire record and are satisfied that Arias's counsel has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


GRIMES, Acting, P. J.


WILEY,  J.